Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5699 | **DATE** | 6/25/2002 |
| **CASE TITLE** | Arachnid, Inc. vs. Merit Industries, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Supplement to Memorandum Opinion and Order. This Court therefore grants Arachnid's motion with the last-mentioned modification. It amends the Opinion to include the term "electronic interlink" in the construction of "dart game . . . means for transmitting" in Claims 1 and 14 and "dart game . . . output means" in Claim 18 of Patent '155. (36-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 26 2002 | 39 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | AWL docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | 02 JUN 25 PM 3:53 | 6/25/2002 date mailed notice |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARACHNID, INC., )
)
Plaintiff, )
)
v. ) No. 99 C 5699
)
MERIT INDUSTRIES, INC., et al., )
)
Defendants. )

SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

Arachnid, Inc. ("Arachnid") has moved for clarification of this Court's May 17, 2002 memorandum opinion and order ("Opinion") that construed disputed claims in Arachnid's United States Patent No. 5,114,155 ("Patent '155"). Arachnid seeks the inclusion of the term "electronic wire interlink" in the construction of "dart game...means of transmitting" in Claims 1 and 14 and "dart game...output means" in Claim 18 of Patent '155. That would cause the construction of those claim elements to parallel the construction of "dart game...means for receiving" in Claims 1 and 14 and "electronic input means" in Claim 18. In response, Merit Industries, Inc. ("Merit") "agrees that the transmitting means and the output means should be construed in tandem with the means for receiving and inputting means" (M. Mem. 2), although it correctly points out that the proper term should be "electronic interlink" (which was used four times in the Opinion) as opposed to "electronic wire interlink" (which was

used only once).[1]

This Court therefore grants Arachnid's motion with the last-mentioned modification. It amends the Opinion to include the term "electronic interlink" in the construction of "dart game...means for transmitting" in Claims 1 and 14 and "dart game...output means" in Claim 18 of Patent '155.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: June 25, 2002

---

[1] Merit also reiterates its earlier position--which this Court declined to adopt in the Opinion--that the only structure disclosed in the patent that can serve as a receiving and transmitting means is a computer modem (M. Mem. 2). That contention is no more persuasive now than it was earlier.

2